IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH PASSANTINO-MILLER,
individually and as trustee of
the Miller Family Trust; JAMES
R. MILLER, individually and as
trustee of the Miller Family
Trust; and the MILLER FAMILY
TRUST, on behalf of themselves,
on behalf of the Classes, and on
behalf of the general public,

      Plaintiffs,

  v.

WELLS FARGO BANK, N.A., and
WELLS FARGO INSURANCE, INC.,

      Defendants.

No. 2:12-cv-00420-GEB-DAD

ORDER

On August 22, 2012, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration. That proposed stipulated protective order includes the following provision:

> The Parties may designate as "Confidential Information" any Information produced to any Party pursuant to or as a result of discovery in this case. Any such designation shall be made in good faith, designating material that is reasonably confidential.

(Proposed Stipulated Protective Order filed August 22, 2012 (Doc. No. 32) at 2.)

1    Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which
2 the parties may, in appropriate circumstances, propose means of protecting the claimed
3 confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).
4 Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in
5 light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d
6 364, 368-69 (9th Cir. 1982).

7    However, whether or not a protective order is entered in any case is subject to the
8 discretion of the court.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that
9 Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is
10 appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d
11 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to
12 prevent disclosure of materials for many types of information").  A protective order will not be
13 entered absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto.
14 Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the
15 public can gain access to litigation documents and information produced during discovery unless
16 the party opposing disclosure shows 'good cause' why a protective order is necessary.").

17    A party's mere desire for a protective order does not constitute good cause to bar
18 the public from access to litigation documents.  Rather, the party seeking protection bears the
19 burden of showing specific prejudice or harm, including, with respect to individual documents,
20 particular and specific need for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury
21 News, Inc. v. U.S. Dist. Court-- Northern Dist. (San Jose), 187 F.3d 1096, 1102-03 (9th Cir.
22 1999).  "If a court finds particularized harm will result from disclosure of information to the
23 public, then it balances the public and private interests to decide whether a protective order is
24 necessary."  Phillips, 307 F.3d at 1211.

25    Here, the court will not enter a proposed protective order that, by its very terms,
26 enables the parties to designate "as 'Confidential Information' any Information produced to any

Party pursuant to or as a result of discovery," as long as such designation is made in "good faith" and the material is "reasonably confidential." (Proposed Stipulated Protective Order filed August 22, 2012 (Doc. No. 32) at 2.) The parties are advised that stipulations and motions for entry of a protective order must (1) show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, (2) show why the need for protection should be addressed by court order, as opposed to a private agreement between or among parties, and (3) describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"); Local Rule 141.1.

  The parties' request for entry of the proposed stipulated protective order will be denied without prejudice to the submission of a stipulated protective order that cures this defect.[1]

  Accordingly, IT IS ORDERED that the parties' August 22, 2012 request for entry of the proposed stipulated protective order (Doc. No. 32) is denied without prejudice.

DATED: August 27, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\passantino-miller0420.spoden

---

[1] The parties are advised that one possible cure to this defect would be to simply omit the offending language from the proposed stipulated protective order.