MICHAEL J. STEINER (State Bar No. 112907)
mjs@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
PHILIP BARILOVITS (State Bar No. 199944)
pb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:     (415) 398-3344
Facsimile:      (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A.,
WELLS FARGO INSURANCE, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH PASSANTINO-MILLER, individually and as trustee of the Miller Family Trust, JAMES R. MILLER, individually and as trustee of the Miller Family Trust, and the MILLER FAMILY TRUST, on behalf of themselves, on behalf of the Classes, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO INSURANCE, INC.,<br><br>    Defendants. | Case No.: 2-12-cv-00420-GEB-DAD<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiffs Elizabeth Passantino-Miller, James R. Miller and the Miller Family Trust, and Defendants Wells Fargo Bank, N.A., and Wells Fargo Insurance, Inc. (collectively, the "Parties"), file this Stipulated Confidentiality Agreement to preserve the confidentiality of certain commercially sensitive, confidential and/or proprietary information that has been requested or will be requested and produced by any party pursuant to the rules of discovery in the above-captioned matter, *Passantino-Miller v. Wells Fargo Bank, N.A., et al.*, Case No. 2-12-cv-00420-GEB-DAD (E.D. Cal.).  The Parties agree that a confidentiality agreement concerning discovery materials is necessary to protect the integrity of certain information defined below.

IT IS HEREBY STIPULATED AND AGREED THAT:

1.    The Parties shall have the right to designate as "Confidential Information" any documents, things and information, including electronically stored information, produced in compliance to a discovery request or other requirement of the rules of discovery which contains trade secrets, confidential research, development, commercial or financial information, or any other proprietary or confidential business information.

2.    All documents, things and information designated as Confidential Information pursuant to this Agreement provided in the course of this litigation and any information contained therein or derived therefrom shall be used solely for the purposes of preparing for trial and the trial and appeal of this action and for no other purposes whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms of this Agreement.

3.    The designation of Information as Confidential Information shall be made by a Party by placing or affixing a stamp or marking upon the document (in such a manner as will not interfere with the legibility thereof) an appropriate notice such as "CONFIDENTIAL INFORMATION", "CONFIDENTIAL", or similar legend, or by any other means or method reasonably designed to place an inspecting party upon notice of the confidential nature of the Information.  Where the Information is in such a form that such a stamp or mark cannot be reasonably placed thereon, then such Information shall be designated "CONFIDENTIAL INFORMATION," or "CONFIDENTIAL," in such a manner as is reasonable under the circumstances.  In the event that a Party receiving Confidential Documents disagrees with such a

designation as to one or more documents, the Party shall have a right to seek an order from the Court, pursuant to noticed motion, voiding the designation in whole or in part.  However, until such a time as the Court rules that a particular Confidential Document is not subject to protection, such Party agrees to continue to treat any such designated documents as protected under this Agreement.

       4.     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

       (a)     the parties' Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (b)     any parties' expert to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Confidentiality Agreement" (Exhibit A);

       (c)     the Court and its personnel;

       (d)     court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

       (e)     witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Confidentiality Agreement" (Exhibit A); and

       (f)     the author of the document or the original source of the information.

       5.     In the event that a Party determines that the prosecution of this action requires that Confidential Documents be disclosed to persons not otherwise authorized herein, such Party shall provide the Designating Party written notice by email or hand delivery of the intended disclosure (which notice shall specify with particularity the Confidential Documents to be disclosed and the identity of the otherwise unauthorized person).  This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties.  If, within ten (10) business days after receipt of such notice, the Designating Party objects in writing to such disclosure, the Confidential Documents shall not be disclosed unless the Judge so orders.  If the non-Designating Party seeks to file Confidential Documents with the Court, the Designating Party's objection to that filing shall take the form of a Request to Seal

1  pursuant to Local Rule 141, filed with the Court within ten (10) business days after receipt of
2  notice from the non-Designating Party as described in this paragraph.

3        6.    If a Party is served with a subpoena or an order issued in other litigation that would
4  compel disclosure of any information or items designated as Confidential, the Party must so notify
5  the Designating Party, in writing (by email, if possible) immediately and in no event more than
6  seven court days after receiving the subpoena or order.  Such notification must include a copy of
7  the subpoena or court order.

8        The Party also must inform in writing, within a reasonable period of time, the Party who
9  caused the subpoena or order to issue in the other litigation that some or all the material covered
10 by the subpoena or order is the subject of this agreement.  In addition, the Party must deliver a
11 copy of this Stipulated Confidentiality Agreement to the Party in the other action that caused the
12 subpoena or order to issue.

13       The purpose of imposing these duties is to alert the interested parties to the existence of
14 this Stipulated Confidentiality Agreement and to afford the Designating Party an opportunity to try
15 to protect its confidentiality interests in the court from which the subpoena or order issued.

16       7.    All Confidential Documents and any papers containing information contained
17 therein or derived therefrom that are filed with the Court shall be filed as outlined in Local Rule
18 141 after the Request to Seal Documents has been granted.

19       8.    In order to permit discovery to proceed without further delay, the Parties agree that
20 this Agreement shall be effective from the date on which it is executed by the Parties and shall
21 apply and be enforceable from that date forward with respect to all discovery in this matter,
22 including materials produced at any time after the commencement of this case.

23       9.    Attendance at depositions taken in this action at which Confidential Documents or
24 any information contained therein or derived therefrom is identified, discussed or disclosed shall
25 be limited to the extent necessary and to the deposition notary, the witness, counsel for the
26 witness, parties' counsel, agents for parties' counsel and any representatives of the parties who
27 have agreed in writing to be bound by the terms of this Agreement.  Any portion of the deposition
28 transcript concerning Confidential Documents shall not be disclosed to any person except as

provided in this Agreement, and shall be bound separately by the Court Reporter and labeled "CONFIDENTIAL." The Parties further agree that this Agreement shall apply in the same manner that it applies to documents, to all testimony (including depositions) relating to Confidential Documents, and transcriptions thereof, given in this case.

10. Nothing in this Agreement shall be construed to preclude the Designating Party from seeking additional protection of Confidential Documents, or from otherwise seeking a modification of this Agreement.

11. If information, documents, or other material subject to a claim of attorney-client privilege, work product, or any other ground upon which production of such information may be withheld from a Party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which a Party or other producing person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of a Party, such Party shall promptly return to the Designating Party that material as to which the claim of inadvertent production has been made (including all copies thereof) and make no use of such documents or other information for any purpose.

12. At the conclusion of this action, all Confidential Documents, including all copies, extracts, and summaries, and all documents containing information taken therefrom, shall be returned or destroyed no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action.

13. In the event additional parties are added to this litigation, and to the extent that Confidential Documents are to be disclosed to such Party and such party's counsel, each new party's counsel shall sign a duplicate original of this Agreement and cause the same to be filed with the Court.

14. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Documents.

15. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument.

**SO STIPULATED AND AGREED TO:**

DATED: August 29, 2012

SEVERSON & WERSON
A Professional Corporation

By: _/s/ Phillip Barilovits_
Philip Barilovits

Attorneys for Defendant,
SUNTRUST MORTGAGE, INC.

DATED: August 29, 2012

NICHOLS KASTER, LLP

By: _/s/ Matthew C. Helland_
Matthew C. Helland

Attorneys for Plaintiffs ELIZABETH PASSANTINO-MILLER, JAMES R. MILLER AND THE MILLER FAMILY TRUST

**PROTECTIVE ORDER**

**PURSUANT TO THE STIPULATED CONFIDENTIALITY AGREEMENT, IT IS SO ORDERED.**

**Dated: August 30, 2012**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\passantino-miller0420.stip.prot.ord.docx

# Exhibit A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement that was agreed to between Parties to the action in the case of **Passantino-Miller v. Wells Fargo Bank, N.A., et al.**, Case No. 2-12-cv-00420-GEB-DAD in the United States District Court for the Eastern District of California.  I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Agreement and Protective Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of this Agreement and Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____